WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Thomas Nouan,

Petitioner,

v.

Charles L. Ryan, et al.,

Respondents.

No. CV 17-02743-PHX-GMS (ESW)

**ORDER**

Pending before the Court is Magistrate Judge Eileen S. Willett's Report and Recommendation ("R&R") on the merits of Petitioner Thomas Nouan's Petition for a Writ of Habeas Corpus. (Doc. 10).

**BACKGROUND**

Because no party has objected to the procedural background as set forth in the R&R, the Court adopts the background as an accurate account. (Doc. 10 at 1–2). Magistrate Judge Willett recommends that Nouan's Petition be denied. (Doc. 10 at 7). Nouan objected to the conclusions of the R&R, arguing that Judge Willett incorrectly determined that equitable tolling did not apply. (Doc. 11 at 3). But because the R&R correctly analyzed Nouan's claims, his petition for habeas corpus will be denied.

**DISCUSSION**

**I.     Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if*

*objection is made*, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**II.     Analysis**

Petitioner Nouan only objects to the R&R's conclusion that equitable tolling does not apply to his petition. (Doc. 11 at 3). As a result, the Court will accept the other conclusions in the R&R and limit its analysis to whether equitable tolling applies

**A.     Equitable Tolling**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court." *Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003) (internal citations omitted). Equitable tolling of AEDPA's limitation period is not available in most cases. *See Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998). To justify equitable tolling, a petitioner must show that "extraordinary circumstances beyond his control made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004); *see Calderon*, 128 F.3d at 1289; *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The Court must "take seriously Congress's desire to accelerate the federal habeas process" and may equitably toll the AEDPA's limitation period only "when this high hurdle is surmounted." *Calderon*, 128 F.3d at 1289.

Nouan's petition was not filed within the one-year statute of limitation. Because Nouan did not file his petition on time, he must demonstrate that equitable tolling applies for the Court to review his claims. After the Arizona Supreme Court denied review on December 13, 2016, Nouan only had six days to seek review with this Court. (Doc. 10 at 4). Nouan did not file for relief here until July 25, 2017, several months after the deadline had passed. Magistrate Judge Willett properly found that Nouan was not entitled to

equitable tolling due to his status as a pro se litigant, a lack of prison resources, or because of his ignorance of the law. (Doc. 10 at 5–6).

In his objections to the R&R, Petitioner Nouan argues that his petition should nonetheless be accepted as timely for two reasons. First, Nouan notes that, due to the very limited time in which he had to file an habeas petition after the Supreme Court ruled on his state petition for post-conviction relief, he did not receive notice from the attorneys representing him in his state post-conviction relief proceedings that the Arizona Supreme Court had declined review until after his deadline for filing in federal court had passed. (Doc. 11 at 3). Nouan also notes that he simply believed that the one-year statute of limitations began running from his petition was denied by the Arizona Supreme Court— not from when the United States Supreme Court issued its decision in *Miller*. Neither of these reasons constitutes extraordinary circumstances.

Liberally construed, Nouan's objection here amounts to an ineffective assistance of counsel claim. Nouan is arguing that because his state post-conviction relief counsel failed to notify him that his time for filing a federal habeas corpus petition was about to expire until *after* the deadline had passed, the Court should find that extraordinary circumstances exist and equitably toll the statute of limitations. The Supreme Court's recent decision in *Martinez v. Ryan*, which held that ineffective assistance of post-conviction relief counsel can excuse a procedural default in some instances, does not apply to the issue of equitable tolling. *See Davila v. Davis*, 137 S. Ct. 2058, 2062–63 (2017) (noting that *Martinez* applies "in a single context—where the State effectively requires a defendant to bring [an ineffective-assistance-of-trial counsel] claim in state postconviction proceedings rather than on direct appeal"); *see also Lambrix v. Sec'y, Florida Dept. of Corr.*, 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in *Martinez* applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding and has no application to the operation or tolling of the § 2244(d) state of limitations for filing a § 2254 petition"); *Madueno v. Ryan*, No. CV-13-01382-PHX-SRB, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014) ("*Martinez*

has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court."). Further, the Ninth Circuit has found that ineffective assistance of state counsel in calculating filing deadlines for federal habeas petitions is not ordinarily sufficient to constitute extraordinary circumstances to overcome AEDEPA's time limit. *See Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2003) (holding that a letter from counsel that gave a miscalculated date for filing a federal habeas corpus petition did not constitute extraordinary circumstances for purposes of equitable tolling). In *Miranda*, the Ninth Circuit explained that because the habeas petitioner did not have any right to assistance from his state counsel regarding post-conviction relief, "it follows that he did not have the right to that attorney's effective assistance, either." *Id*. Thus, Nouan is barred by Ninth Circuit precedent from claiming that his post-conviction relief counsel's lack of advice on filing a timely petition for habeas corpus constituted extraordinary circumstances.

Additionally, Nouan's mistaken belief that the one-year clock started when his post-conviction relief petition was denied by the Arizona Supreme Court is not sufficient to establish extraordinary circumstances. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Because Nouan has not demonstrated he is entitled to equitable tolling, the Court must deny his petition.

### B. Certificate of Appealability

Reasonable jurists could disagree with this Court's conclusion that extraordinary circumstances that could justify equitable tolling do not exist in this case. Thus, the Court will issue a Certificate of Appealability on issue of equitable tolling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that Magistrate Judge Willett's Report and Recommendation (Doc. 10) is accepted.

**IT IS FURTHER ORDERED** that Petitioner Nouan's Petition for the Writ of Habeas Corpus (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability for the issue of equitable tolling is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 8th day of March, 2019.

_____
G. Murray Snow
Chief United States District Judge